THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF ILLINOIS

CHICAGO DIVISON

| | |
|---|---|
| LATRISHA WHITE )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LEVEL-1 GLOBAL SOLUTIONS, LLC. )<br>)<br>    Defendant. ) | Case No.  1:21-cv-2697<br><br>Plaintiff Demands Trial By Jury |

## COMPLAINT

1. Plaintiff Latrisha White (hereinafter "White" or "Plaintiff"), through her undersigned counsel, seeks redress against Defendant Level-1 Solutions (hereinafter "Level-1") and states as follow:

2. Plaintiff White brings this action for violations of Title VII of the Civil Rights Act of 1964, Retaliation pursuant to 42 U.S.C. § 2000 *et. Seq.* and Sexual Harassment pursuant to 29 C.F.R. § 1604.11. Plaintiff seeks declaratory, compensatory, and equitable relief.

3. This Court has subject matter jurisdiction over Plaintiff's Title VII, Retaliation and Sexual Harassment claims pursuant to 28 U.S.C. § 1331.

4. Venue in this court is proper for purposes of Plaintiff's claims pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to this claim occurred in this judicial district.

5. Plaintiff is a citizen of the United States who resides in this judicial district.

6. Plaintiff was hired on July 23, 2018, with Defendant as a Business Development and Project Manager Administrator.

7. Defendant is a technology company that advertises itself as integrating hardware, software and network infrastructure systems operating under the laws of the State of Illinois.

8. At all relevant times, Defendant has been continuously engaged in providing technology services in this jurisdiction.

## Administrative Proceedings

9. On November 18, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based upon her sex, and retaliation.

10. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bring this claim. (Attached as Exhibit "A")

11. On or about March 16, 2021, Plaintiff received a "right to sue" from the EEOC on her charge. (Attached as Exhibit "B")

12. Plaintiff's sex discrimination and retaliation claims are timely filed within 90 days of the receipt of the notice of "right to sue".

## Factual Allegations Common to All Counts

13. As mentioned above, Plaintiff was hired as a Business

Development and Project Manager Administrator on or about on or about July 23, 2018.

14. Plaintiff was a diligent worker and was well qualified for her position.

15. Plaintiff was hired at an annual salary of $52,000.

16. Plaintiff had two immediate supervisors, one named Thomas and the other Eli. The number of people who worked in your office.

17. Shortly after being hired Plaintiff was subjected to sexual harassment by Thomas.

18. Plaintiff was subject to this harassment multiple times.

19. These incidents included Thomas making verbal sexual advances toward Plaintiff and using other suggestive language indicating that he wanted to have sexual relations with Plaintiff.

20. Plaintiff rejected those advancements.

21. Plaintiff then complained to Human Resources about the sexual harassment.

22. Defendant took no action against Thomas.

23. After the complaints Thomas then engaged in further sexual harassment.

24. Thomas would require Plaintiff to clean boxes out with pornography magazines inside.

25. Thomas would call Plaintiff into his office and stare at her vagina while smiling.

26. Plaintiff complained again and spoke with Patrice Brazil (hereinafter "Patrice").

3

27. During this meeting Brazil called Eli, Plaintiff's other supervisor, into the meeting.

28. Plaintiff advised both Brazil nor Eli of the ongoing harassment and stated that nothing had changed and that she was uncomfortable still reporting to Thomas.

29. Defendant took no action after these complaints.

30. After making these complaints, Plaintiff's work suddenly was subjected to intense scrutiny.

31. Plaintiff complained to Patrice that she believed that she was being retaliated against for making complaints about the sexual harassment.

32. Despite these complaints about sexual harassment and retaliation, Defendant continued to take no action.

33. Instead, the sexual harassment continued where Plaintiff was continued to be exposed to pornography and invitations for sex.

34. Without notice, Plaintiff was called into an office and terminated.

35. Defendant alleged it was because of a lack of work.

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964
## -Sex Discrimination-

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 35 above as if fully set forth herein.

37. At all relevant times, Defendant was and is an "employer" within the meaning of Title VII.

38. At all relevant times, Plaintiff was employed by Defendant and was an

4

"employee" of Defendant within the meaning of the Title VII.

39. Plaintiff filed a charge of discrimination with the EEOC, alleging sex discrimination more than sixty (60) days prior to bringing this claim.

40. Defendant acted intentionally and in bad faith when it terminated Plaintiff after she was discriminated against based on her gender.

41. Defendant failed to comply with its own anti-discrimination policies as well as state and federal law.

42. Instead, Defendant allowed Plaintiff to be subjected to on-going harassment and humiliation by her supervisor because of her gender.

43. Defendant, as an employer is subject to the requirements of Title VII.

44. Defendant, as an employer should not discriminate against its employees because of their gender.

45. Defendant, as an employer, has an obligation to ensure that its employees are not discriminated against based on their gender and are not terminated from any position for discriminatory reasons.

46. Defendant, as an employer, should have a policy against gender discrimination that it enforces.

47. Defendant violated federal law by discriminating against White based on her gender.

48. By reason of the foregoing, Defendant discriminated against White because of her gender in violation of Title VII of the Civil Rights Act of 1964.

49. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, Attorney's fees, and other damages.

## COUNT II
**Retaliation In Violation of Title VII-42 U.S.C. § 2000** *et. Seq.*

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 49 above as if fully set forth herein.

51. As discussed in more detail *supra*, Plaintiff further alleges that Defendant as Plaintiff's employer retaliated against her for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a) (*i.e.* reporting and objecting to gender discrimination, sexual harassment and a hostile work environment).

52. Plaintiff opposed a discriminatory practice when she complained to the defendant about gender discrimination, sexual harassment and a hostile work environment.

53. In spite of performing her duties in a professional manner, White's complaints were ignored by Defendant, and White was ultimately terminated.

54. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, Attorney's fees, and other damages.

## COUNT III
**Sexual Harassment 29 C.F.R. § 1604.11**

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 54 above as if fully set forth herein.

56. Defendant's sexual advances were unwelcomed.

57. Defendant persisted in these advances even after Plaintiff rejected those advances.

58. Defendant's sexual advances created a hostile work environment.

59. At all times relevant to this complaint, Plaintiff was being sexually harassed by her supervisor.

60. Although Plaintiff complained of the sexual harassment by her Supervisor, Defendant took no action to prevent the sexual harassment.

61. As a result of Plaintiff's supervisor's actions, Plaintiff has suffered emotional and financial harm.

## COUNT IV

### Intentional Infliction of Emotional Distress

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 61 above as if fully set forth herein

63. At all times herein relevant, Defendant was bound by its common law and statutory duties to keep Plaintiff safe from harm and not to violate her right to be free from an abusive work environment.

64. Plaintiff has suffered substantial and enduring emotional injury.

65. Defendant knew or should have known, that its failure to protect White from an abusive and sexually aggressive supervisor would result in harm to the Plaintiff.

66. Defendants breached their duty to exercise due care by refusing to provide a safe working environment for Plaintiff based on her sex.

67. Defendant's conduct was extreme and outrageous.

68. No reasonable person based on gender would ne expected to endure the ongoing sexual harassment that Plaintiff was subjected to.

69. As a proximate result of Defendants' acts or omissions as described above, Plaintiff has suffered serious emotional distress in the form of shame, humiliation, degradation, and physical injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. All wages and benefits Plaintiff would have received but for the violations, described in the above counts including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;
B. A permanent injunction enjoining Defendant from engaging in the practices complained of herein;
C. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII;
D. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;
E. An award of reasonable attorneys' fees, costs, and litigation expenses; and
F. Such other relief as the Court may deem just or equitable.

Dated: May 19, 2021                    Respectfully Submitted

                                       /s/ Andre P. Gaston
                                       *Andre P. Gaston*
                                       Attorney for Plaintiff

The Law Office of Andre P. Gaston
1901 North Roselle Road, Suite 800

Schaumburg, Illinois 60195
Phone: 630-560-3692
Fax: 630-566-0367
Email: andre.gaston@agastonlaw.com